# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND, Petitioner<br>v.<br>J. SOTO, Warden, Respondent. | Case No. 2:16-cv-02118-DSF (GJS)<br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("Petition"), all pleadings and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge [Dkt. 65, "Report"], and Petitioner's Objections to the Report and related Exhibits [Dkts. 71, 73]. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

The Report issued in January 2019, and is 62 pages long. Petitioner twice sought lengthy extensions of time to file his Objections to the Report on the ground that he needed additional library time to prepare them, and his extension requests were granted. In May 2019, Petitioner submitted Objections that were 158 pages in

length (and a related stack of exhibits), which had not been served on Respondent. The Magistrate Judge rejected them, again extended Petitioner's deadline, and directed him to file Objections that "shall not exceed 50 pages." [Dkt. 70.] In disregard, Petitioner filed Objections that are 65 pages, again with a hefty stack of exhibits. The Magistrate Judge allowed the overlength Objections to be filed so that consideration of the Report, and the resolution of this case, could move forward.

A central theme running throughout the Objections is Petitioner's objection to the Magistrate Judge's imposition of the above-noted page limit. Petitioner asserts that this has placed an "undue burden" on him and contends that, as a result, he is unable to discuss numerous portions of the Report, *i.e.,* purportedly because the imposed page limit has kept him from doing so. Petitioner's complaint rings hollow.

The Court has reviewed the Objections carefully and note they suffer from numerous instances in which Petitioner devotes page after page of discussion to irrelevant or unnecessary matters. For example, even though Petitioner does not dispute the Report's description of his prior state proceedings, Petitioner spends two pages discussing this very same matter – a non-issue. At pages 4-11 of the Objections, Petitioner expounds at length about the AEDPA standard of review – a matter about which the Court does not need instruction – and includes a discussion about second or successive federal habeas petitions – a topic that has no relevance to this case, as the Petition is not second or successive and there has never been any claim or issue in this case that it is. At the outset of each of the portions of the Objections in which Petitioner actually addresses the Report's analysis of his claims (as opposed to repeatedly complaining that he lacks adequate space to do so), he repeats verbatim portions of the Report's text, a wholly unnecessary repetition and page-waster. That Petitioner has wasted a substantial percentage of the 50 pages allotted to the Objections on discussions that are unnecessary rather than on addressing the actual substance of the Report was his choice, but does not give rise

to any basis to question the Report. In any event, the Court finds that the 50 page limitation imposed was a reasonable one, particularly in light of Petitioner's history of prolix filings and the related burdens imposed as a result of their undue length.[1]

In reviewing the Objections, the Court has observed that they are replete with instances in which Petitioner misstates or misconstrues the substance of the Report and the Magistrate Judge's findings, analysis, and conclusions and/or takes issue with purported findings to the Magistrate Judge that, in fact, were not made. The substance of the Report speaks for itself; the Court will not engage in reciting the litany of instances in which the Objections misdescribe it. Rather, the Court will address specifically only the following Objections:

In connection with Grounds Four through Six of the Petition, the Report concluded succinctly that the claims are barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1975), and thus, did not address the merits of these claims. Petitioner argues that: the Magistrate Judge erred in finding the *Stone* bar applicable, because he allegedly is entitled to a retroactive application of *Riley v. California*, 573 U.S. 373 (2014); and under *Magwood v. Patterson*, 561 U.S. 320 (2010), the Petition is not second or successive. As to the latter contention, again, there has never been a second or successive petition argument made or issue raised in this case, and the *Magwood*-based Objection is not only perplexing but of no moment. As to Petitioner's invocation of *Riley*, he ignores that the Court already has rejected his *Riley* argument. In particular, the Court has specifically advised Petitioner that *Riley* has no relevance here and, moreover, does not have a retroactive application to his claims even if it were substantively relevant. [*See* Dkts. 19 and 25.] After making his meritless *Riley* and *Magwood* argument, Petitioner then spends pages 19 pages of the Objections arguing the purported merits of Grounds Four through Six. The

---

[1] The Petition's text is 190 pages long. Petitioner's Reply text is 120 pages long.

3

Court will not address that discussion,[2] because it is irrelevant given the Report's correct finding that the claims are barred by *Stone v. Powell*.

With respect to his asserted claim under *California v. Trombetta*, 467 U.S. 479 (1984), Petitioner devotes five pages arguing the asserted exculpatory nature of the purportedly destroyed evidence (pills) and the alleged bad faith of the State in destroying such evidence, yet ignores the simple fact that, as the Report clearly points out (at 23 n.11), the record shows that the pills, in fact, had not been destroyed and were available to the defense had a request for examination been made. This *Trombetta*-related Objection is meritless.

Finally, Petitioner raises several new instructional error claims, as well as a related new ineffective assistance of counsel claim, in the Objections (at 49-54, 55-57). These claims were not included within the 16 habeas claims alleged in the Petition, which are addressed in the Report.[3]

A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion to reject consideration of these belatedly-raised claims and their underlying arguments, as it is inappropriate to raise new habeas claims for the first time in objections to a report and recommendation or in a traverse. *See Greenhow v. Secretary of Health &*

---

[2] This discussion is a prime example of Petitioner's improper assertion that the Magistrate Judge purportedly made certain erroneous findings that, in fact, are nowhere to be found in the Report, as well as his misuse of the pages allotted to the Objections. While the Objections assert (at 18, 24, 27, and 31) that the Report made specific findings and drew specific conclusions regarding the substantive merits of Grounds Four through Six, the Report plainly never addressed those merits, having found the claims to be barred by *Stone*.

[3] One of the new instructional error claims was noted briefly in Petitioner's Reply. A new habeas claim, however, may not be proffered for the first time in a traverse or reply. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (a claim raised for the first time in a traverse may be disregarded).

4

*Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act"), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*); *see also* Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts (the petition "must" "specify all grounds for relief available to the petitioner").

Finally, the Court rejects Petitioner's objection that he is entitled to have an evidentiary hearing held regarding Grounds Three, Eight, and Nine. The Report correctly concluded that, under the standards that guide this Court's federal habeas review, an evidentiary hearing was neither warranted nor needed.

Nothing else in the Objections gives the Court pause or concern or need be addressed. Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: July 29, 2019

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE